**STATE EX REL. Michael WALKER**

v.

**STATE of Louisiana**

**No. 2015–KH–1863**

Supreme Court of Louisiana.

12/16/2016

**PER CURIAM:**

Denied. Even construing relator's pleading as exempt from the procedural defaults set out in the Criminal Code articles relating to post-conviction relief, *see* La.C.Cr.P. Art. 924 et seq., based on his allegation that he received an illegal sentence, a claim which may be raised at any time, *see* La.C.Cr.P. Art. 882, the alleged illegally lenient sentence he received in 1994 has already been corrected and is, as the court of appeal found, moot.

Relator has now fully litigated at least three applications for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. Art. 930.4 and within the limitations period as set out in La. C.Cr.P. Art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. Art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his

right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.